UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY BRANDON, | ) |
| Petitioner, | ) ) ) |
| v. | )  Case No. 4:04CV882 RWS |
| DON ROPER, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Petitioner Jerry Brandon, seeks a writ of habeas corpus. He alleges nine grounds for habeas relief. I referred this matter to United States Magistrate Judge Audrey Fleissig for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On August 21, 2007, Judge Fleissig filed her recommendation that Brandon's habeas petition should be denied.

Brandon timely filed an objection to the report and recommendation. I have conducted a de novo review of the claim raised in Brandon's objection. After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Fleissig in her report and recommendation and will deny Brandon's habeas petition.

Brandon's sole objection is directed to his claim that his constitutional right to the effective assistance of trial counsel was violated when his trial counsel convinced Brandon to not file a motion for a new trial. Brandon's counsel was under the mistaken belief that Brandon, who avoided a sentence of death at the first trial, could be exposed to a penalty of death if a new trial was granted. The result was that Brandon's direct appeal was apparently[1] subjected to the more

---

[1] The record does not indicate the standard of review applied by the appellate court because it summarily affirmed Brandon's conviction and did not rule on Brandon's appellate

stringent "plain error review" rather than the "abuse of discretion" review which is normally applied in criminal cases properly preserved for appellate review.

In his post-conviction proceeding, Brandon raised the claim of ineffective assistance of trial counsel for failing to file a motion for a new trial. The post-conviction court applied the Strickland v. Washington, 466 U.S. 668 (1984) standard to the claim. Under Strickland, to prevail on a claim of ineffective assistance of counsel a habeas petitioner must show that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 689. The post-conviction court found that although trial counsel's failure to file a motion for a new trial fell below an objective standard of reasonableness, Brandon was not prejudiced by counsel's performance. The post conviction court's decision was summarily affirmed on appeal.

Brandon argues that a presumption of prejudice arises when counsel fails to file a motion for a new trial even if a direct appeal is timely filed. In Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000), the United States Supreme Court held that trial counsel's failure to file an appeal creates a presumption of prejudice when a petitioner presents evidence that he wanted to file an appeal. The Supreme Court, however, has never held that a presumption of prejudice arises when trial counsel fails to file a motion for a new trial yet files a timely appeal like in the present case.

I have conducted a de novo review of the facts, legal argument, and case law concerning this claim and I find that Judge Fleissig correctly analyzed the issue. I find that a presumption of prejudice does not arise when trial counsel fails to file a motion for a new trial yet files a timely appeal. A habeas petitioner must also establish prejudice. I find that Brandon has failed to establish prejudice for the same reasons Judge Fleissig clearly stated in her report and

---

counsel's motion to review the claims under the abuse of discretion standard.

recommendation.

The state courts' adjudication of this claim was not contrary to, and did not involve an unreasonable application of clearly established federal law. The state courts' finding of no prejudice from his trial counsel's failure to file a motion for a new trial was not factually or legally unreasonable. As a result, I find that habeas relief should not be granted on this claim.

I have also reviewed the other claims asserted by Brandon and addressed by Judge Fleissig. Brandon did not object to Judge Fleissig's report and recommendation on these claims. I find that Judge Fleissig has correctly concluded that habeas relief should not be granted on these claims.

In addition, I have considered whether to issue a certificate of appealability. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. *See* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Brandon has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Fleissig's report and recommendation filed on August 21, 2007 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Jerry Brandon's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2007.